# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SAMUEL LEE QUINN (N02809) ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 16 C 6249 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| FRANK LAWRENCE, Acting Warden,[1] ) | |
| Menard Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Pro se petitioner Samuel Quinn filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2254(d)(1) bringing ineffective assistance of counsel and prosecutorial misconduct claims, among others. Because his habeas petition is untimely under 28 U.S.C. § 2244(d)(1), the Court does not reach the merits of his claims, but instead dismisses this action in its entirety and declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

**Background**

Quinn is serving two natural life sentences after being convicted of several counts of aggravated sexual assault. In his habeas petition, Quinn is only challenging his August 29, 2007, Cook County conviction that the Illinois Appellate Court affirmed on August 24, 2009. Quinn then filed a petition for leave to appeal ("PLRA") to the Illinois Supreme Court that was denied on November 25, 2009.

On November 2, 2010, Quinn filed a pro se post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1. After the Circuit Court of Cook County dismissed Quinn's post-conviction petition on December 14, 2010, he filed an appeal that the

---

[1] Because Frank Lawrence is the Acting Warden of Menard Correction Center where Quinn is incarcerated, the Court substitutes Lawrence as Respondent under Federal Rule of Civil Procedure 25(d).

Illinois Appellate Court affirmed on February 6, 2013. After the appellate court denied Quinn's petition for rehearing on April 9, 2013, Quinn did not file a PLA with the Illinois Supreme Court.

On June 15, 2012, Quinn filed a petition for relief from judgment under 735 ILCS 5/2-1401, that the circuit court, *sua sponte*, summarily dismissed on June 22, 2012. The Illinois Appellate Court, however, remanded the petition explaining that the circuit court erred by dismissing the petition without allowing the State thirty days in which to file a response. On remand, the circuit court appointed Quinn counsel, who then filed a supplemental petition. On February 11, 2016, the circuit court dismissed the § 2-1401 petition as untimely. The circuit court construed the supplemental petition as a third post-conviction petition and concluded that it was procedurally defaulted based on *res judicata*. Quinn appealed, and on June 19, 2018, the Illinois Appellate Court affirmed the circuit court's decision that the § 2-1401 petition was untimely.[2] Without considering the merits of Quinn's claims, the appellate court also concluded that Quinn's third post-conviction petition was barred by *res judicata* and lacked "arguable merit" in order to grant appointed counsel's motion to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987).

In the interim, Quinn filed a successive post-conviction petition on August 2, 2013, while his § 2-1401 petition was pending. The circuit court summarily dismissed the August 2013 petition and the Illinois Appellate Court affirmed on August 12, 2015.

**Legal Standard**

"AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." *Wall v. Kholi*, 562 U.S. 545, 550, 131 S.Ct. 1278, 179 L.Ed. 252 (2011) (citing 28 U.S.C. § 2244(d)(1)(A)); *see Conroy v. Thompson,* 929 F.3d 818, 820 (7th Cir.

---

[2] With the assistance of the court's librarians, the Court has determined that the Illinois Appellate Court affirmed the circuit court's decision that the § 2-1401 petition was untimely on June 19, 2018, a fact of which the Court may take judicial notice. *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006) (courts may take judicial notice of other courts' dockets and opinions).

2

2019). The one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Conroy*, 929 F.3d at 820. The one-year period is tolled when a petitioner's properly-filed application for post-conviction or other collateral relief is pending in state court. *Mayberry v. Dittmann*, 904 F.3d 525, 528 (7th Cir. 2018); 28 U.S.C. § 2244(d)(2).

**Discussion**

As a starting point, the Court turns to the date upon which Quinn's judgment became final under 28 U.S.C. § 2244(d)(1)(A). *See Gonzalez v. Thaler*, 565 U.S. 134, 149, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012) (conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review"). The Illinois Appellate Court affirmed Quinn's conviction and sentence on August 24, 2009, and the Illinois Supreme Court denied his PLA on November 25, 2009. Quinn's conviction became final when the time for him to file a petition for a writ of certiorari expired, which was 90 days after the denial of his PLA, namely, February 23, 2010. *See Mayberry*, 904 F.3d at 528. Quinn then had one year (365 days) from February 23, 2010 to file a timely habeas petition.

Pursuant to § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed post-conviction petition. *See id.*; *Carpenter v. Douma*, 840 F.3d 867, 869 (7th Cir. 2016). Quinn properly filed his first post-conviction petition on November 2, 2010, and thus the limitations period ran for 251 days until that date. The time during the pendency of the first post-conviction petition remained tolled until the Illinois Appellate Court affirmed the circuit court on February 6, 2013. Quinn did not file a PLA concerning his first post-conviction petition. Thus, the limitations period continued to run on February 6, 2013, at which time Quinn had 114 days left of the one-year limitations period. Quinn filed the present habeas petition on June 15, 2016, which was well beyond the 114 days he had left.

3

Quinn's June 2012 petition for relief from judgment under § 2-1401 did not toll the limitations period because it was untimely, and therefore, not "properly filed." *Freeman v. Page*, 208 F.3d 572, 574 (7th Cir. 2000). Similarly, Quinn's third post-conviction petition was not properly filed because it failed to comply with state procedural requirements. *See Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000). Quinn was not granted leave to file his second or successive post-conviction petition, therefore, it did not toll the limitations period. *See Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009). Accordingly, Quinn's habeas petition is untimely, unless he can establish equitable tolling.

Federal courts apply equitable tolling if extraordinary circumstances beyond the petitioner's control prevented the timely filing of his habeas petition. *See McQuiggin v. Perkins,* 133 S.Ct. 1924, 1931 (2013); *Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed. 2d 130 (2010). A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance prevented timely filing. *McQuiggin*, 133 S.Ct. at 1931. Equitable tolling is an "extraordinary remedy" and "is rarely granted." *Mayberry*, 904 F.3d at 529.

Construing his pro se filings liberally, *see Lund v. United States*, 913 F.3d 665, 669 (7th Cir. 2019), Quinn argues that his actual innocence excuses the late filing of his habeas petition. *See McQuiggin*, 569 U.S. at 392-93. As the Seventh Circuit teaches, "the actual innocence gateway is narrow," and thus Quinn's untimeliness "can be excused only if he 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quotation omitted). Equally important, Quinn's actual innocence claim is viable only if he presents evidence the state courts did not previously consider. *Id*. Quinn has failed to

point to any new evidence the state courts did not consider, and thus his actual innocence claim does not toll the limitations period.

**Certificate of Appealability**

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). Quinn is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.*; *Klikno v. United States*, 928 F.3d 539, 547 (7th Cir. 2019).

As the Seventh Circuit has held "[w]hether a given petition is timely is a question under § 2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability." *Owens v. Boyd,* 235 F.3d 356, 358 (7th Cir. 2000) (collecting cases); *see also West v. Schneiter,* 485 F.3d 393, 395 (7th Cir. 2007) ("questions of statutory interpretation, such as whether the petition was timely, do not qualify for a certificate, because they do not concern the Constitution"). The Court thus declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Conclusion**

For these reasons, the Court dismisses petitioner's habeas petition brought pursuant to 28 U.S.C. § 2254(d) as untimely and declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2). Civil case terminated.

SO ORDERED

Sharon Johnson Coleman
United States District Judge

DATED: 10/16/2019